FILED
United States Court of Appeals
Tenth Circuit

June 8, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DERRICK BRICKERT,

      Plaintiff - Appellant,

v.

DEUTSCHE BANK NATIONAL
TRUST COMPANY, as trustee for;
and Does 1 to 50, inclusive other
GSAMP Trust 2007FM2,

      Defendant - Appellee.

No. 19-1481
(D.C. No. 1:17-CV-03106-MEH)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES, BACHARACH,** and **MORITZ**, Circuit Judges.
_____

This appeal stems from Mr. Derrick Brickert's effort to avoid

Deutsche Bank's foreclosure of his house. He sued the bank, asserting

several claims. Most were dismissed, but the claim for unjust enrichment

---

[*]     The parties do not request oral argument, and it would not help us to decide the appeal. We have thus decided the appeal based on the appellate briefs and the record on appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

remained. The district court granted summary judgment to the bank on this claim, reasoning that unjust enrichment did not apply because the parties' respective obligations were set out in a contract. *See Pulte Home Corp. v. Countryside Cmty. Ass'n*, 382 P.3d 821, 833 (Colo. 2016) (stating that a claim for unjust enrichment is generally unavailable when the underlying payment obligation is subject to an express contract).

In appealing, Mr. Brickert hasn't said what's wrong with the district court's reasoning. This omission is fatal even when the appellant (like Mr. Brickert) is pro se. *See Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) (stating that the appellant must "explain what was wrong with the reasoning that the district court relied on in reaching its decision"); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840–41 (10th Cir. 2005) (stating that even unrepresented litigants must present an argument citing the record and supporting legal authority). Because Mr. Brickert hasn't explained how the district court erred, we must affirm.

But we grant Mr. Brickert's motion for leave to proceed in forma pauperis. He qualifies for leave because he lacks the money to prepay the filing fee.

Entered for the Court


Robert E. Bacharach
Circuit Judge


2